UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK
------------------------------------------------------------------X
Drissa Ballo,

                                               Plaintiff,

          -against-                                                   **Complaint**

Hard Rock Café International (USA), Inc.
AKA ("Hard Rock" or the "Company")

                                               Defendants.
------------------------------------------------------------------X

       Plaintiff, Drissa Ballo by his attorneys Jacqueline McMickens & Associates, PLLC, hereby submit this Complaint.

## NATURE OF THE ACTION

1.      This is a civil rights action brought under Title VII, 42 U.S.C. § 2000(e) *et seq*. Plaintiff complains of Defendant's discriminatory conduct towards him on account of his age.

2.      As a consequence this illegal conduct Plaintiff has suffered emotional and economic damages.

## JURISDICTION AND VENUE

3.      The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 20000e-5(f)(3), 28 U.S.C. §§ 1331 and 1343(3), and 28 U.S.C. § 1367(a).

4.      Pursuant to Title VII, Plaintiff exhausted his administrative remedies prior to the commencement of this action by timely filing Title VII claims with the EEOC and receiving a

Notice of Suit Rights CHARGE NO. 520-2014-02719. This action is commenced within the 90 days of receipt of the Notice of Suit Rights.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because Plaintiff resides in this District, Defendant conducts business in this District, and because the causes of action plead herein arose in this District.

## THE PARTIES

6. Defendant Hard Rock Café International (USA), Inc. AKA "Hard Rock" or the "Company" is a municipality organized and existing under the laws of the State of New York.

7. Hard Rock and its affiliates own, operate, license, and/or franchise, among other things a chain of theme restaurants known as the Hard Rock Café.

8. Hard Rock maintains its headquarters in Orlando, Florida.

9. Plaintiff, Drissa Ballo, is over 40 years but less than 50is a resident of Kings County and a employee of Hard Rock since July of 2005.

## ALLEGED FACTS

10. Plaintiff was employed at Hard Rock on or about July 26, 2005 as a Dishwasher. After several years of faithful service the Plaintiff requested and received a vacation of 4 weeks so that he could visit his family in the Ivory Coast of Africa.

11. Plaintiff had been denied the 4 weeks vacation by his immediate supervisor, Arturo Scymanski, but the supervisor above him or Arturo's immediate supervisor approved the vacation and when Plaintiff returned his supervisor Arturo began to treat him differently from other employees.

12. In addition throughout his employ Plaintiff has been repeatedly called "old man" and "grandpa" by Hard Rock employees and supervisors.

13. Because of a need to be employed Plaintiff continued to work under the conditions set by his supervisor.

14. In February 2013, Plaintiff was given a three (3) week vacation and when he returned from the three (3) week vacation Plaintiff found that he was no longer being placed on the work schedule at Hard Rock. Plaintiff inquired as to the lack of hours, he was not given an answer.

15. Plaintiff went on unemployment and Hard Rock did not object to the collection of unemployment benefits.

16. After exhausting his unemployment benefits, Plaintiff sought to be reinstatement at Hard Rock since he was not expressly terminated, but merely not placed on the work roster as he had been previously.

17. Hard Rock did not immediately reinstate Petitioner.

18. After correspondence from counsel requesting an investigation into the manner in which Plaintiff was separated from his employ with Hard Rock; Hard Rock agreed to reemploy the Plaintiff.

19. When the Plaintiff was to have been reinstated Hard Rock management advised him that he would be reinstated as a dishwasher.

20. Plaintiff's previous position at Hard Rock was as "Line Cook."

21. After several conversations and correspondence to Defendants' Human Resources Division, Plaintiff was reinstated as a "Line Cook."

22. In order to be reinstated, Plaintiff signed a reemployment Statement. He was never terminated, only left off the schedule by Defendant and was never given a reason for having leaving him off the work schedule.

23. After Plaintiff's restoration as an "Line Cook" in 2014 Plaintiff was placed on the work roster no more than one or two days a week which Plaintiff believes was in fact an action of meanness towards him by his supervisor since at that time there was a shortage of staff and Plaintiff possessed more experience than the staff.

24. Eventually, Plaintiff because Hard Rock could not sustain the staff shortage Plaintiff was assigned to work as a "Line Cook" assigned, to work a food preparation station.

25. When Plaintiff was assigned the station, he had to work the station alone, during other shifts and at times when Plaintiff was not assigned, that station was staffed with two (2) people.

26. When Plaintiff complained of having to work the "station" alone he was left off the work schedule even more days.

## FIRST CAUSE OF ACTION

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

27. Plaintiff has been continuously treated differently from other employees in that he is continuously ridiculed by his supervisor in the presence of other employees.

28. Plaintiff has a distinct accent, but can clearly be understood. There had never been a problem with his accent before encountering Arturo as Plaintiff's immediate supervisor.

29. Plaintiff is from the Ivory Coast and like other staff members from Africa he petitioned his employer to permit him to take 4 weeks of vacation. Unlike other staff Plaintiff was denied his request.

30. When Plaintiff complained to Arturo's supervisor, the vacation time was granted and the demeaning behavior ceased but Plaintiff was given few hours to work.

## SECOND CAUSE OF ACTION - RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

31. Before the vacation which gives rise to the discrimination complained of by the Plaintiff was working full time with two days a week off, this schedule was in place for several years.

32. Plaintiff has never been reprimanded or disciplined because of failure to perform his duties.

33. Plaintiff appealed to a more senior staff about the disparate treatment who granted Plaintiff's leave request.

34. But upon his return from vacation Plaintiff suffered an immediate reduction of hours. it is worthwhile to note that the supervisor who prepared the work scheduled was also the supervisor denied Plaintiff's request although other employees' identical requests were granted.

35. Defendant Hard Rock has a program of awarding employees promotions when they effectively perform their jobs.

36. Because of the disparate treatment by his supervisor, Plaintiff has failed to be awarded vacation time that he would otherwise have earned.

37.     Plaintiff would have been given an award of a gold watch for 10 years of service, but for the failure of his supervisor to place him on the work rooster after Monday May 11, 2013. Plaintiff was caused to have to sign a "reinstatement agreement" in order to return to his employment at Hard Rock.

38. Plaintiff is given fewer hours of employment even though he has seniority over other employees who work similar jobs and there existed a shortage of staff.

## THIRD CAUSE OF ACTION - VIOLATION OF
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 (ADEA)

39.     Plaintiff is routinely called an "old man," in fact, Arturo calls him "grandpa" in the presence of other employees. Arturo also makes underhanded comments meant to demean Plaintiff for his age or apparent age.

40.     At one point in the presence of other employees, after the Plaintiff complained by the age of a piece of equipment, Arturo told Plaintiff that he, Plaintiff, was older than the 1928 Fryer.

41.     The supervisor has complained that Plaintiff is often too slow paradoxically the supervisor compels Plaintiff to work stations that ordinarily require two staff members.

42.     Defendant has stated to the EEOC that Plaintiff is a no show and is the basis for reducing Plaintiff's hours. On occasion after Plaintiff has completed his scheduled shift he might find himself on the schedule for the following day without notice. This then allows his supervisor to claim that he is a " no show" for a date in question. As a consequence, Defendant could claim that he is a non productive employee.

43. Defendant has stated that Plaintiff's reduction of hours is a consequence of calling out too frequently.

44. That is contradicted by the fact that other employees have called our more often than Plaintiff.

45. Through the persistent name calling, and skulduggery described abouve, Defendant has created a hostile work environment that has pervaded a substantial portion of Plaintiff's employment.

## FOURTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. Defendant continues to harass the Plaintiff in every way he could, and when he complained to a supervisor, the supervisor only increased the unwarranted belittlement of the Plaintiff in the presence of his peers.

47. When his peer complained that he was working alone, his supervisor advised them that "he has lots of energy" he was gone for a year.

48. The Company has a policy of requiring that an employee be given a thirty (30) minute break.

49. The supervisor has often caused the Plaintiff to take a break one (1) hour into his scheduled work shift, thereby causing him to work 6 to 7 straight hours with a break.

50. The disparaging comments and his poor treatment has caused Plaintiff severe emotional distress whereby it has adversely affected his family life and emotional well being.

**WHEREFORE**, Plaintiff prays for an award of damages in the amount of $150,000.00, That he be restored to seniority level based on his original 2005 start date, and any further relief this Court deems just and proper.

*[signature]*
Jacqueline McMickens & Associates, PLLC
Attorneys for the Plaintiff
26 Court St. Ste 1600
Brooklyn, New York 11242
T:718-596-4877
F:718-596-5009